

# NUMBER 13-12-00527-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**KEANU DAVIS,**                                                                          **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                  **Appellee.**

### On appeal from the 214th District Court
### of Nueces County, Texas.

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Longoria**
**Memorandum Opinion by Justice Rodriguez**

Appellant Keanu Davis appeals from his conviction for aggravated robbery, a first-degree felony.  *See* TEX. PENAL CODE ANN. § 29.03(a)(2) (West 2011).  Davis entered an open plea of guilty to the charged offense.  After hearing punishment evidence, the trial court sentenced Davis to twelve years imprisonment.

Concluding that the appeal in this case would be frivolous, counsel filed an *Anders* brief in which she reviewed the merits, or lack thereof, of the appeal.   We affirm.

## I.  COMPLIANCE WITH *ANDERS V. CALIFORNIA*

Pursuant to *Anders v. California*, 386 U.S. 738, 744 (1967), Davis's court-appointed appellate counsel has filed a brief with this Court, stating that she has diligently reviewed the record and the applicable law and concluding that, in her professional opinion, "the appeal does not present a nonfrivolous legal question" and therefore presents no reversible error.   *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991) (en banc).

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), Davis's counsel has carefully discussed why, under controlling authority, there are no errors in the trial court's judgment.   Counsel has informed this Court that she has:   (1) examined the record and found no arguable grounds to advance on appeal, (2) served her brief and motion to withdraw on Davis, and (3) informed Davis of his right to review the record and to file a pro se response.[1]   *See Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23.   More than an

---

[1] The Texas Court of Criminal Appeals has held that "the pro se response need not comply with the rules of appellate procedure in order to be considered.   Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues."   *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

adequate period of time has passed, and Davis has not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

The United States Supreme Court has advised appellate courts that upon receiving a "frivolous appeal" brief, they must conduct "a full examination of all the proceedings to decide whether the case is wholly frivolous." *Penson v. Ohio*, 488 U.S. 75, 80 (1988). We have reviewed the entire record and counsel's brief, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*, 813 S.W.2d at 509. Accordingly, we affirm the judgment of the trial court.

## III. MOTION TO WITHDRAW

In accordance with *Anders*, Davis's attorney has asked this Court for permission to withdraw as counsel for Davis. *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) (noting that "[i]f an attorney believes the appeal is frivolous, he must withdraw from representing the appellant. To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)). We grant counsel's motion to withdraw, carried with the case on December 14, 2012. Within five days of the

3

date of this Court's opinion, counsel is ordered to send a copy of the opinion and judgment to Davis and to advise him of his right to file a petition for discretionary review.[2] *See* TEX. R. APP. P. 48.4; *see also In re Schulman*, 252 S.W.3d at 412 n.35; *Ex parte Owens*, 206 S.W.3d 670, 673 (Tex. Crim. App. 2006).

NELDA V. RODRIGUEZ
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the 28th
day of February, 2013.

---

[2] No substitute counsel will be appointed. Should Davis wish to seek further review of this case by the Texas Court of Criminal Appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing or timely motion for en banc reconsideration that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Effective September 1, 2011, any petition for discretionary review must be filed with the clerk of the Court of Criminal Appeals. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Texas Rule of Appellate Procedure 68.4. *See* TEX. R. APP. P. 68.4.